IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL FILLENWORTH | § | |
| | § | |
| V. | § | A-17-CV-643-SS |
| | § | |
| R. MYERS, WARDEN, FCI-BASTROP, TEXAS | § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Michael Fillenworth's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) and Memorandum of Law (Dkt. No. 4); Respondent's Response to the Petition for Writ of Habeas Corpus (Dkt. No. 8); and Petitioner's Reply (Dkt. No. 10).

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

On September 15, 2005, pursuant to a plea agreement, Michael Fillenworth pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dkt. No. 20 in A-05-CR-137 SS. On November 28, 2005, the District Court sentenced Fillenworth to 84 months imprisonment, a five-

year term of supervised release and a $300 special assessment fee. *See* Dkt. No. 25 in A-05-CR-137 SS. Fillenworth was released from federal custody and began his term of supervised release on July 28, 2011.

On October 1, 2013, the Austin Police Department arrested Fillenworth on an outstanding warrant for Theft of Services and he was released from custody that same day. On October 24, 2013, the Round Rock Police Department arrested Fillenworth for Forgery and Fraudulent Use or Possession of Identifying Information and placed him in state custody. On March 12, 2015, Fillenworth was released from state custody. The next day, the United States Marshal arrested Fillenworth for violating his terms of supervised release (for committing another crime and for failing to notify his probation officer) and he was placed back in federal custody. On April 24, 2015, the District Court revoked Fillenworth's term of supervised release and re-sentenced him to a total of 48 months imprisonment and a three-year term of supervised release. Dkt. No. 44 in A-05-CR-137 SS. The Judgment was silent as to how the sentence would run against any state sentence. Fillenworth did not file a direct appeal of his federal sentence. On September 22, 2015, Fillenworth was sentenced in the state court case to five years of imprisonment for Forgery and Fraudulent Use or Possession of Identifying Information, to be run concurrently. Exh. B to Dkt. No. 8 at ¶ 8. The Bureau of Prisons has calculated his projected release date to be September 4, 2018.

Fillenworth has filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 arguing that the Bureau of Prisons ("BOP") has incorrectly calculated his sentence by failing to give him credit against his federal sentence for the time he spend in state custody from October 25, 2013 to March 12, 2015.

## II. ANALYSIS

As noted, Fillenworth argues that the BOP has incorrectly calculated his sentence by failing to give him credit against his federal sentence for the time he spend in state custody from October 25, 2013 to March 12, 2015. Fillenworth argues that he is entitled to nun pro tunc time for the time he served in state custody and relies upon the state sentencing judge's recommendation that the sentences should run concurrently. Fillenworth is mistaken.

Fillenworth's second federal sentence commenced on the day he was sentenced, April 24, 2015. *See* 18 U.S.C. § 3585(b) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody . . ."); Exh. B to Dkt. No. 8 at 4. When a federal district court does not specify that sentences will run concurrently, they run consecutively. 18 U.S.C. § 3584(a); *Jones v. Joslin*, 635 F.3d 673, 674 (5th Cir. 2011) ("We hold that when the sentencing court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence."). A district court must "specifically order when it wishes to depart from this default rule." *Id.* at 675. *See also*, *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) ("Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently."). Here, the District Court did not specifically order that Fillenworth's federal sentence be served concurrently with any state sentence and, therefore, his sentences are to run consecutively. Dkt. No. 44. The fact that the state sentence had yet to be imposed makes no difference. *See Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010) ("[U]nder this circuit's precedent, the district court is permitted to order a federal sentence to run consecutively or concurrently to an anticipated subsequent state sentence at the time of the

federal sentencing."). Therefore, the BOP did not err in determining that Fillensorth's state and federal sentences run consecutively.

Further, Fillenworth is not entitled to any credit toward his federal sentence for time spent in state custody. Title 18 U.S.C. § 3585(b) provides:

> Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). This statute prohibits the BOP from giving a prisoner credit toward his federal sentence for time that has already been credited toward another sentence. *United States v. Wilson*, 503 U.S. 329, 337 (1992) (in enacting 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"). Fillenworth has already received credit toward his state sentence for the time period he spend in custody from October 25, 2013 to March 12, 2015. See Exh. B to Dkt. No. 8 at ¶ 13. Accordingly, Fillenworth is not entitled to receive double credit for this time period pursuant to § 3585(b). *See Jones,* 635 F.3d at 675 (holding that BOP was not required to credit the time defendant spent in state custody toward his federal sentence since that time was already credited against his state sentence); *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding that the BOP was not required to credit prisoner's state custody time toward his federal sentence where that time was credited against the prisoner's state sentence); *United States v. Moore*, 2001 WL 1692476 at *4 (5th Cir. 2001) (same).

Fillenworth argues that the BOP should have followed the state sentencing court's order that his state sentence run concurrently with his federal sentence. The state court's order, however, is not binding on federal authorities. As the Fifth Circuit explained in *Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010): "[T]he determination by federal authorities that [the defendant's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." (internal citations and quotations omitted). Accordingly, Fillenworth's argument is without merit.

Based upon the foregoing, Fillenworth has failed to demonstrate that he is entitled to any further credit against his federal sentence. Accordingly, his § 2241 Petition should be denied.

## III. RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that the District Judge **DENY** Petitioner Michael Fillenworht's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 26th day of March, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE